UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-88(2)(DWF)
Civil No. 05-1528(DWF)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMON L. RIVERA,<br><br>Defendant. | ) | GOVERNMENT'S MOTION TO DISMISS RIVERA'S HABEAS MOTION PURSUANT TO 28 U.S.C. § 2255 |

The United States of America, appearing through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Joseph T. Dixon, III, Assistant United States Attorney, moves the Court for an Order to dismiss Rivera's habeas motion for failure to state a claim, and to establish any basis for relief or prejudice.

## SUMMARY OF THE CASE

After a bench trial, this Court found Rivera guilty of conspiring to possess with the intent to distribute methamphetamine (count 1) and possessing with the intent to distribute methamphetamine (count 2). On June 27, 2003, this Court sentenced Rivera to 168 months. Rivera appealed his conviction and sentence, which was affirmed by the Eighth Circuit Court of Appeals on June 3, 2004. United States v. Rivera, 370 F.3d 730 (8th Cir. 2004). Rivera did not file a petition for writ of certiorari with the Supreme Court. On July 25, 2005, Rivera filed a habeas motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

## ARGUMENT

RIVERA'S SECTION 2255 MOTION SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO PROPERLY STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Title 28, U.S.C. § 2255 requires a prisoner to show that he has the right to be released inasmuch as:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. "[I]n a § 2255 motion the burden of proof is on the petitioner to show that his sentence must be vacated." Cassidy v. United States, 428 F.2d 585, 587 (8th Cir. 1970).

Rivera is unable to satisfy this burden. Rivera fails to state a claim upon which relief may be granted, as well as the relief sought. To state a claim sufficient to withstand a motion to dismiss, a plaintiff must state facts, which if proved, would support his claim and entitle him to relief. Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999); Tatum v. Iowa, 822 F.2d 808, 810 (8th Cir. 1987). "In order to warrant relief, or, as an initial matter, even an evidentiary hearing, a habeas corpus petition must allege sufficient facts to establish a constitutional claim." Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987).

Rivera's habeas application is blank in the section where his grounds for habeas relief and supporting facts should be set forth. (Rivera's § 2255 motion, Sect. 12, at p. 5.) Even though a pro se

petitioner is entitled to a liberal reading his pleadings, (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)), there is nothing alleged by Rivera in his motion for the government or this Court to evaluate. As a result, Rivera's § 2255 motion should be dismissed.

Respectfully submitted,

Dated: October 11 , 2005.

THOMAS B. HEFFELFINGER
United States Attorney

*s/ Joseph Dixon*

BY: JOSEPH T. DIXON, III
Assistant U.S. Attorney
Attorney ID No. 0283903